IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CR-00047-KDB-DCK-4

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARNOLD JONEY-WILL BILLINGS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon what can most liberally be read as a motion of the Defendant *pro se* for compassionate release and home confinement based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018 and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 178).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3582(c)(1)(A). He states that he filed a BP-8 form and it came back denied. He states that he then filed a BP-9 (request for administrative remedy) with the warden. However, no such requests are attached to this motion. Thus, the Court is unable to verify whether or not the warden has denied the request or whether 30

days have passed since the warden received the request. The motion fails to show that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed from the warden's receipt of a request. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP0.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS, THEREFORE, ORDERED**, that the Defendant's pro se motion for compassionate release and home confinement (Doc. No. 178), is **DENIED** without

prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: October 28, 2020

Kenneth D. Bell
United States District Judge